## Taylor Estate

*Elbert N. Pusey,* for petitioner.

*Dallett Hemphill,* for the Commonwealth.

MacElree, P. J., May 13, 1960.—. . . The sole question before this court is where the orphans' court has previously declared the principal of a trust estate liable for costs of care and maintenance of the life beneficiary in a State institution, does the court have

the power to set aside any fund to meet future funeral and burial expenses of said beneficiary while his care and maintenance are continuing at the expense of the Commonwealth?

It is submitted on behalf of the Commonwealth that the question is answered by Yoder's Estate, 341 Pa. 81.

It is conceded by the Commonwealth that Yoder's Estate, supra, involved an incompetent's estate rather than an estate in trust.

This court, by an opinion and decree entered October 23, 1957, held that the trust herein was liable for the care and maintenance of the incompetent life beneficiary at Embreeville State Hospital under the terms of decedent's will.

We see no difference in the legal aspects of the present situation from those which existed in Yoder's Estate and believe that we are bound by the principles of law set forth in the opinion of the late Mr. Justice Parker.

As pointed out by the late Justice Parker: "Although the suggestion that there should be reserved from the estate of an unfortunate sufficient to bury him and to avoid giving him a pauper's burial makes a strong appeal to human sympathy, there is no warrant in the law for such an exemption".

In Yoder's Estate, as here, there was a debt to the Commonwealth for care and maintenance and there are no other present claimants against the trust estate except expenses of administration.

Under the facts as stated and the conclusions of law expressed in Yoder's Estate and adopted by this court as being controlling under the circumstances, the following is entered as a

### Decree

And now, May 13, 1960, it is ordered, and decreed that the citation be dismissed insofar as a discontinu-

ance of past or current maintenance of Willard S. Taylor is concerned.

It is further ordered, adjudged and decreed that the National Bank of Chester County and Trust Company, trustee under the will of Phebe E. Taylor, late of the Borough of West Chester, Chester County, deceased, sur trust for Harold B. Taylor, state a final account showing the precise administration expenses as well as any other credits to be properly claimed upon the audit of which any balance remaining will be awarded to the Commonwealth of Pennsylvania on account of its claim.